**In re ELLESS CO.**

No. 19665.

United States District Court
E. D. Michigan, S. D.
April 9, 1949.

John A. Hamilton and Ben O. Shepherd, Detroit, Mich., for petitioner.

Edward T. Goodrich and Semmes, Goodrich & McEvoy, Detroit, Mich., for respondents trustees and Whittier Corporation.

Harold M. Shapero, Detroit, Mich., in pro per and as attorney for another intervenor.

LEVIN, District Judge.

As the successor to a Judge of this Court, now retired, and by direction of the Senior Judge, the proceedings in this case have been assigned to me.

On April 12, 1938, an order was entered confirming a plan of reorganization of the debtor under Sec. 77B of the Bankruptcy Act, 11 U.S.C.A. § 207.. The debtor owned and operated the Whittier Hotel in Detroit, Michigan, and pursuant to the plan of reorganization, a Michigan corporation known as the Whittier Corporation was organized which took title to the hotel and issued its capital stock to creditors, bondholders and stockholders of the debtor. The plan provided for the issuance of certain stock of the new corporation to trustees under a trust agreement for a period of eight years, terminating on May 1, 1946, and the articles of incorporation of the corporation empowered it "to enter into trust agreement with respect to the capital stock of the corporation, the term of which trust agreement shall not exceed eight years from the date hereof * * *." The trust agreement was duly consummated.

On February 28, 1946, on the petition of the trustees, and with no showing of necessity therefor except the statement in the petition that it "was in the best interests of the corporation and of the shareholders thereof," an ex parte order was entered approving a proposed amendment to the trust agreement, extending its term for a period of five years, expiring on May 1, 1951. The order required the trustees to notify the registered holders of all trust certificates issued under the trust agreement of the amendment not less than twenty days prior to April 3, 1946, at which time the amendment would become

effective unless the holders of trust certificates representing 25% or more of the capital stock of the Whittier Corporation filed objections thereto. The requisite number of dissents was not filed.

The matter before the Court is the petition of a holder of a trust certificate to set aside the order of February 28, 1946, approving the extension of the term of the trust agreement. Among the reasons asserted in support of the petition are: (1) That the order attempted to make effective an agreement violative of Sec. 34 of Act 327 of the Public Acts of Michigan for 1931, which prohibits shareholders from entering into a voting trust agreement for a period exceeding ten years; (2) That the order attempted to make ineffective the provision of the articles of incorporation limiting the term of the trust agreement to eight years; and (3) That the Court lacked jurisdiction to enter the order because the plan of reorganization had been successfully consummated.

■ In approving the plan of reorganization, the Court saw fit to use the instrumentality of a corporation organized under the laws of the State of Michigan. This it had the power to do, and having done so, it subjected that instrumentality to the burdens as well as the benefits of the laws of Michigan. It was said by Judge Learned Hand in Bakers Share Corporation v. London Terrace, 2 Cir., 130 F.2d 157, 159: "No limitations upon the powers of such a corporation would in any sense invade the functions of the bankruptcy court; that court is not obliged to use a state corporation as its instrument at all; it may leave the debtor in possession of its property; but if it does choose to use one, it must take it with such powers as the state law sees fit to give it."

■ It seems clear that the Court by the entry of an order, had no power to accomplish an amendment to the articles of incorporation of a Michigan corporation or a modification of the statutory law of the state.

It is admitted by the answer of the Whittier Corporation and of the trustees under the trust agreement, that at the time the instant petition was filed, the corporation had a capital and surplus in excess of two million dollars, it had no obligations except its stock, and it was paying dividends to its stockholders. It is in at least as good financial condition today, some two years later. No question has been raised concerning its ability to carry on as a successful business enterprise without the further aid or direction of the Court. Ten years have passed since the plan of reorganization was approved. There can no longer be any doubt concerning the completely successful consumation of the purposes of the plan by the trustees, notwithstanding their modest denial that such is the case.

Without deciding whether there was jurisdiction in the Court to make the order complained of, the language of Judge Jerome Frank in Re Flatbush Ave.-Nevins St. Corporation, 2 Cir., 133 F.2d 760, 762 is significant: "Congress did not intend that the Bankruptcy Court, should, after an approval of a plan under Chapter X, Bankr. Act, 11 U.S.C.A. § 501 et seq., have power to remain a wet-nurse to the reorganized company. A bankruptcy court cannot obtain that power merely by inserting a provision reserving jurisdiction."

The original trust agreement of May 1, 1938, as well as the amendment thereto of February 28, 1946, provides that it may be terminated at any earlier date than the one therein named "by resolution of a majority of the Trustees, or by the Court, in the manner herein provided" and that, "In case of termination by the Court, such termination shall become effective upon the entry of the order by the Court, or at such later date as shall be specified by the Court in such order."

■ It seems clear, therefore, that while the Court and the parties to the agreement contemplated that the purposes of the plan of reorganization would be accomplished in eight years, it was their intention that the agreement should terminate whenever final consummation was achieved. No showing has been made indicating the necessity for continuing the trust, and upon the facts brought to its

282

attention through the pleadings, hearings and arguments in connection with the petition now before it, the Court is of the opinion that it should no longer keep the Whittier Corporation under its guardianship. Accordingly, the Court will terminate the trust agreement, and sua sponte will consider the petition as one to finally conclude these proceedings.

A final decree may be noticed for settlement terminating the trust agreement as of May 1, 1948, discharging the trustees and closing the estate of the debtor corporation. The decree shall provide for notice of such termination to the record owners of the trust certificates issued under the trust agreements, and for the turning over to the depository named in the agreements, the assets in their hands, all of which shall be in accordance with the terms of the agreements.